# IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO. 02-05485 BKT** |
| | **Chapter 7** |
| **JOSE DE JESUS GONZALEZ** | |
| **NIXSA GARCIA REYES** | **Adversary No. 12-0397** |
| | |
| **Debtor(s)** | |

**SITKA ENTERPRISES, INC.; BERRIOS & LONGO LAW OFFICES, PSC; FERNANDO E. LONGO QUIÑONES**

**Plaintiff**

**vs.**

**WILFREDO SEGARRA MIRANDA, MRS. JANE SEGARRA AND THE CONJUGAL PARTNERSHIP, VB RENTAL, INC.; VDJ LIMITED PARTNERSHIP, SE; BANCO POPULAR DE PUERTO RICO; JOSE DE JESUS GONZALEZ; UNKNOWN COLLABORATORS; JOHN DOE SURETY COMPANY; JOHN DOE; UNKNOWN INSURANCE COMPANY**

**Defendants**

**FILED & ENTERED ON 10/15/2013**

## OPINION AND ORDER

Before this court is Defendant's Motion to Dismiss [Dkt. No. 21]; and Plaintiff's Opposition to the Motion to Dismiss [Dkt. No. 23]. For the reasons set forth below, the Defendant's Motion to Dismiss is DENIED.

On October 12, 2011, Plaintiffs filed a civil action suit before the Puerto Rico Court of First Instance against multiple defendants, among them Wilfredo Segarra Miranda (the "Trustee"), Trustee in Bankruptcy Case 02-05485 (BKT). Among other causes of action, Plaintiffs assert that the Trustee illegally deprived them of their constitutional rights by requiring from Banco Popular, also a defendant, certain information regarding Plaintiffs' bank accounts without due process. This case was removed from state court to Bankruptcy Court at the behest of Trustee. Once in the Bankruptcy Court, Trustee filed the Motion to Dismiss subject hereto, asserting that Plaintiffs had not filed a motion for leave to sue Trustee and that he was protected by immunity. Plaintiffs answered in an Opposition to Motion to Dismiss, alleging that Trustee's actions had been *ultra vires* and that, therefore, leave was not required nor was there any protection by immunity.

A motion to dismiss for failure to state a claim upon which relief may be granted provides a party the opportunity to question the sufficiency of a complaint and the allegations therein contained. See Fed. R. Civ. P. 12(b)(6). Detailed factual allegations are not required in the complaint in order for it to survive a motion to dismiss for failure to state a claim upon which relief may be granted. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The minimum of allegations are those that would "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-1950 (2009) (quoting Twombly, 550 U.S. at 556). "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Twombly, 550 U.S. at 556. The court's determination regarding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), does not express it's opinion regarding the merits of the case, but simply determines whether the

plaintiff may seek relief based on the allegations in his complaint. If the complaint is sufficient, it will not be dismissed at this early stage of the proceedings because it correctly states a cause of action.

In the Motion to Dismiss before the court, Defendant avers that a motion for leave was required in order to sue Trustee in his personal capacity. Also, Defendant argues that Trustees are protected by a quasi-judicial immunity because a Trustee is considered to be a part of the judiciary system. Plaintiffs, on the other hand, argue in their Opposition that because Trustee's allegations regarding his right to vote as a shareholder rest on the fact that it was pursuing VB Rental as an operating enterprise, judicial leave to sue was not required, pursuant to 28 U.S.C. § 959. Also, Plaintiffs argue that because Trustee's actions were allegedly *ultra vires*, there was no requirement of leave to sue and that there was no quasi-judicial immunity because not even judges are awarded said immunity when their actions are outside of their professional capacities.

This court finds that, if taken as true, Plaintiffs' allegations at a minimum state a claim for which relief may be granted. If the Defendant's actions are found to have been *ultra vires*, the protection against legal action awarded by the requirement of leave to sue and immunity may not be extended and redress may be awarded. The protection awarded to Trustees rests on the fact that they are operating within the boundaries established by the law. Once they step out of these boundaries, the protection awarded has no effect. The scope of the Trustee's actions is still in controversy and the Court has not been put in a position where it can evaluate Trustee's actions and his defenses. Further proceedings are required in order to characterize and determine the validity of the Trustee's actions. Therefore, the dismissal of the adversary proceeding pursuant to Fed. R. Civ. P. 12(b)(6) is not appropriate at this time.

WHEREFORE, IT IS ORDERED that the motion to dismiss shall be, and hereby is,

DENIED.

In San Juan, Puerto Rico this 15th day of October, 2013.

Brian K. Tester
U.S. Bankruptcy Judge