**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 02-05485 BKT** |
| | **Chapter 7** |
| **JOSE DE JESUS GONZALEZ** | |
| **NIXSA GARCIA REYES** | **Adversary No. 12-0397** |
| **Debtor(s)** | |
| **SITKA ENTERPRISES, INC.; BERRIOS & LONGO LAW OFFICES, PSC; FERNANDO E. LONGO QUIÑONES** | |
| **Plaintiff** | |
| **vs.** | |
| **WILFREDO SEGARRA MIRANDA, MRS. JANE SEGARRA AND THE CONJUGAL PARTNERSHIP, VB RENTAL, INC.; VDJ LIMITED PARTNERSHIP, SE; BANCO POPULAR DE PUERTO RICO; JOSE DE JESUS GONZALEZ; UNKNOWN COLLABORATORS; JOHN DOE SURETY COMPANY; JOHN DOE; UNKNOWN INSURANCE COMPANY** | |
| **Defendants** | **FILED & ENTERED ON 10/15/2013** |

## OPINION AND ORDER

Before this court is Defendant's Motion to Dismiss [Dkt. No. 22]; and Plaintiffs' Opposition

to the Motion to Dismiss [Dkt. No. 24]. For the reasons set forth below, the Defendant's Motion to

Dismiss is GRANTED.

On October 12, 2011, Plaintiffs filed a civil action suit before the Puerto Rico Court of First Instance against Banco Popular of Puerto Rico ("BPPR") and Wilfredo Segarra Miranda (the "Trustee"), Trustee in Bankruptcy Case 02-05485 (BKT). Among other causes of action, Plaintiffs assert that Trustee illegally deprived them of their constitutional rights by requiring from BPPR certain information regarding Plaintiffs' bank accounts without due process. The lack of due process rests upon the insufficiency of the subpoena served upon BPPR requiring the documents. This case was removed from state court to the Bankruptcy Court at the behest of the Trustee. Once in the Bankruptcy Court, BPPR filed the Motion to Dismiss subject hereto, asserting that they were served with a subpoena and that therefore, they were unable to deny the presentation of the documents. In its Opposition to the Motion to Dismiss [Dkt. No. 24], Plaintiffs argue that they were not given adequate notice regarding the inquiry of their personal information.

A motion to dismiss for failure to state a claim upon which relief may be granted provides a party the opportunity to question the sufficiency of a complaint and the allegations therein contained. See Fed. R. Civ. P. 12(b)(6). Detailed factual allegations are not required in the complaint in order for it to survive a motion to dismiss for failure to state a claim upon which relief may be granted. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The minimum of allegations are those that would "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-1950 (2009) (quoting Twombly, 550 U.S. at 556). "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Twombly, 550 U.S. at 556. The court's determination regarding a motion to dismiss under Fed. R. Civ. P. 12(b)(6),

does not express its opinion regarding the merits of the case, but simply determines whether the plaintiff may seek relief based on the allegations in his complaint. If the complaint is sufficient, it will not be dismissed at this early stage of the proceedings because it correctly states a cause of action.

In the Motion to Dismiss presently before this Court, BPPR argues that they cannot be held liable for the representation of a person's private information if they are acting under a subpoena. Nevertheless, Plaintiffs argue that if a subpoena is not correctly noticed by the party that holds the requested information, it is a breach of a person's 4th Amendment rights against illegal searches and seizures. U.S. Const. amend IV. A subpoena forgoes the judicial criteria required for a search and seizure order and permits the issuer to demand documents or the deposition of a witness. RDT Const. Corp v. Contralor I, 141 D.P.R. 424 (1996). Therefore, when a person requests documents or depositions with a subpoena, the issuer of the subpoena must notify the owner of the information, the information that has been requested. RDT Const. Corp. v. Contralor II, 141 D.P.R. 861 (1996) (holding that the Puerto Rico Comptroller must notify the owner of the information when it issues and serves a subpoena requesting financial information of the party). The Plaintiffs have not cited any legal basis to show that BPPR had a duty to notify them of the subpoena served upon BPPR. Without a legal basis establishing a duty on the part of BPPR to inform Plaintiffs of the subpoena, it follows that failure to so inform Plaintiffs would not give rise to a cause of action against BPPR or a resulting damages claim.

WHEREFORE, IT IS ORDERED that the motion to dismiss shall be, and hereby is, GRANTED.

In San Juan, Puerto Rico this 15th day of October, 2013.

Brian K. Tester
U.S. Bankruptcy Judge